OPINION
This is an appeal by the State of Ohio from an order dismissing a sexual predator classification proceeding. James Thiel, at the time the order was made, was imprisoned at a state correctional institution. He had previously been sentenced to concurrent sentences of eighteen months on three counts of gross sexual imposition that were to be served prior to, and consecutive to, concurrent sentences of three to fifteen years on two counts of corrupting another with drugs. At the time the order was made, Thiel had completed the concurrent sentences for gross sexual imposition, which is a sexually oriented offense, but he had not completed his sentences for corrupting another with drugs, which is not a sexually oriented offense. Because Thiel had completed his sentences on the sexually oriented offenses, the trial court reasoned that the sexual predator classification proceeding prescribed by R.C. 2950.09(C) was inapplicable to Thiel, from which action the State appeals, asserting a single assignment of error:
 THE TRIAL COURT ERRED IN DISMISSING DEFENDANT'S SEXUAL PREDATOR HEARING WHEN ALL THREE OF THE REQUIREMENTS OF R.C. § 2950.09(C)(1) WERE MET.
The critical subsection of R.C. 2950.09(C) is R.C.2950.09(C)(1) which states:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution,
prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section. (Emphasis added).
There is no question that the first two requirements are satisfied: Thiel was convicted and sentenced for gross sexual imposition prior to January 1, 1997. The critical issue is whether Thiel's continued imprisonment after January 1, 1997, for non-sexually oriented offenses nevertheless subjected him to a sexual predator classification proceeding. The State contends, and we agree, that the trial court impermissibly read an additional requirement into R.C. 2950.09(C)(1) that simply isn't there: i.e., that Thiel's continued imprisonment after January 1, 1997, must be for a sexually oriented offense.
R.C. 2950.09(C)(1) is clear and unambiguous and does not contain the additional requirement attributed to it by the trial court. Given the clarity and lack of ambiguity of R.C.2950.09(C)(1), it was error for the trial court to interpret the statute as narrowly as it did. On similar facts, the Court of Appeals for Franklin County has come to the same conclusion as we do in this case. State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, 1589, unreported.
Thiel's defense of the trial court's action essentially tracks the trial court's reasoning. We must perforce reject Thiel's argument as to the correctness of that reasoning.
Thiel also reasserts his argument first made in the trial court that R.C. 2950 violates the state constitution, relying onState v. Williams (Feb. 2, 1999), Lake App. No. 97-L-191, unreported. We have rejected the Williams' analysis in a comprehensive discussion in State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported. The other appellate courts which have addressed the constitutional issue have likewise rejected theWilliams' analysis. See cases collected at State v. Bruhn (Jan. 28, 2000), Montgomery App. No. 17688, unreported.
The assignment of error is sustained. The judgment will be reversed, and the matter will be remanded for further proceedings consistent with this opinion.
BROGAN, J. and YOUNG, J., concur.